## Rush *v.* Philadelphia, Appellant.

*Municipalities — Employees — Dismissal — Civil service rules—*
*Suit for wages.*

Where a carpenter employed by the City of Philadelphia, and subject to the civil service regulations, is dismissed, and is served with a notice stating the reasons for his dismissal, to which he files no answer and as to which he takes no further action, he cannot maintain a suit against the city for his wages from the time of his suspension or dismissal until the date of the suit; and this is the case irrespective of the fact whether his discharge was regulated by the Act of March 5, 1906, P. L. 83, or by the Act of February 15, 1906, P. L. 19, or by both of these acts construed in pari materia.

Title to office cannot be tried in an action to recover salary incident thereto.

*Statutes—Repeal—Acts of February 15, 1906, P. L. 19, and March 5, 1906, P. L. 83.*

It seems that the Act of February 15, 1906, Sec. 2, P. L. 19, was repealed by the Act of March 5, 1906, Sec. 20, P. L. 83.

Argued Oct. 13, 1915.    Appeal, No. 68, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., July T., 1914, No. 250, on case tried by the court without a jury in suit of Jonathan B. Rush v. Philadelphia.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Reversed.

80, (1916).]    Assignment of Error—Opinion of the Court.
Assumpsit for wages.
The case was tried by GILPIN, J., without a jury.

*Error assigned* was in entering judgment for plaintiff for $170.70.    Defendant appealed.

*Daniel G. Murphy*, with him *F. Carroll Fow*, Assistant City Solicitors, and *Michael J. Ryan*, City Solicitor, for appellant.—The appellant contends that the order of the discharging officer was conclusive until appealed from or reversed in a direct proceeding, and therefore it was improper for the trial judge in a collateral action to inquire into it: Overseers of Porter Township v. Overseers of Jersey Shore, 82 Pa. 275; Commonwealth, ex rel., v. Bohan, 5 Kulp 190; Hadley v. Mayor of Albany, 33 N. Y. 603; Thompson v. Board of Education, 201 N. Y. 457; Lee v. Mayor, Etc., of Wilmington, 40 Atlantic Rep. 663; Van Sant v. Atlantic City, 53 Atl. Rep. 701; Koontz v. Franklin Co., 76 Pa. 154; McCormick v. Fayette County, 150 Pa. 190.

*Clinton A. Sowers*, with him *Ernest M. Vail*, for appellee, cited: Shisler v. Philadelphia, 239 Pa. 468; Truitt v. Philadelphia, 221 Pa. 331.

OPINION BY TREXLER, J., March 1, 1916:
Plaintiff was a carpenter in the employ of the City of Philadelphia in the department of public works.    He was suspended March 12, 1914, by the chief of the Bureau of City Property who was the head of the department for which the plaintiff worked.    On May 25, 1914, he was notified by the director of public works of his intended discharge: said notice containing the reasons for same and on June 3, 1914, he was finally dismissed, the reasons again being given.    He now brings an action in assumpsit for his wages from the time of his suspension to the date of suit.    The case was tried without a jury before a judge of the Municipal Court, who found for the

plaintiff for the amount of wages which the plaintiff would have earned had he continued his employment from the date of his dismissal to the date of suit.

Section 20 of the Act of March 5, 1906, P. L. 83, known as the Civil Service Act, provides that no employee appointed under its provisions or the rules made pursuant thereto, shall be removed or discharged until he shall have been furnished with a written statement of the reasons for such action and be allowed to give the removing officer an answer. In every such case of removal, a copy of the statement of reasons therefor, and the written answer thereto shall be furnished to the Civil Service Commission and entered upon its public records. Apparently, the provisions of above section were strictly complied with; he had notice and was afforded an opportunity to answer. At the trial the director of the Department of Public Works testified that the plaintiff had violated "the law and rules of the department to abstain from all forms of political activity" and that the plaintiff had "attended a political club which resulted in a public scandal and he was discharged for that." The trial judge who discharged both the duty of the court and jury evidently thought that the acts of the plaintiff were not in violation of the law or the rules of the department. Was it within the province of the court to pass upon the question as to whether the plaintiff was discharged for proper cause? The Act of March 5, 1906, above referred to is an act "to regulate and improve the Civil Service of the cities of first-class in the Commonwealth of Pennsylvania, making violation of its provisions a misdemeanor, and providing penalties for violation thereof." There is no provision in the act providing for a trial before an employee may be discharged. It would seem that the only recourse left to the plaintiff was to the Civil Service Commission who is charged with the duty of seeing that the above act is faithfully enforced. Under Paragraph 3, of Section 6, that commission has the right to make investigations either sitting

as a body or through a single commissioner concerning all matters touching the enforcement and effect of the provisions of the act. Under Section 20 of the act no one may be removed except for just cause. There is nothing in the act giving the employee the right to recover salary subsequent to his discharge. The act contemplates a full and exclusive system applying among other things, to the removal and reinstatement of officers and employees. It certainly did not contemplate an adjustment of the difficulties between the city and discharged employees by recourse to a common law action. If that were the form then the functions of the commission in this regard are superseded. The commission in the first instance is the body whose duty it is to see that the act is properly carried out. Said commission has power under the sixth Section of the Act of March 5, 1906, supra, to prescribe and enforce rules and regulations for carrying into effect the provisions of said act.

The appellee however contends that the act governing his case is that of Feb. 15, 1906, P. L. 19, the second section of which provides for a court of inquiry to be appointed by the director of the department in which the employee is employed and which court proceeds then to try the matter subject to the approval of the mayor. We think however that the Act of March 5, 1906, P. L. 83, Section 20, repealed the second Section of the Act of Feb. 15, 1906, P. L. 19. It is intended by this act to furnish a complete and exclusive system for the appointment, promotion, reduction, transfer, removal or reinstatement of the officers, clerks, laborers and other employees in the civil service of the cities of the first-class of the Commonwealth. Such is the language of the last section of the act which also repeals all acts inconsistent therewith. It is true that both acts were passed at the same session of the legislature, and the presumption is strong against the implied repeal of the prior statute (Com. v. Pottsville, 246 Pa. 468), but this rule is not to be carried so far as to defeat the manifest intention

of the legislature in the latter act that it was to be exclusive as to the removal and reinstatement of officers and employees. See opinion of Judge MAGILL reported in Duffy v. Cooke, 239 Pa. 427 (446). The Act of March 5, 1906, was manifestly intended to make full provision for the appointment and discharge of officers and employees in the civil service of the city: Truitt v. Philadelphia, 221 Pa. 331 (336). Whether we are right or not in this view, we think the plaintiff has no standing in a court of law in the present form of action. In order to recover salary, his title to the office must first be proven. An action to recover the salary is not the proper way to determine that fact. The proper practice is to seek reinstatement in direct proceeding brought for that purpose: Hadley v. Mayor of City of Albany, 33 N. Y. 603; Thompson v. Board of Education, 201 N. Y. 457. Reinstatement by a competent legal tribunal in a direct proceeding for that purpose is a condition precedent to the right of recovery. Title to office cannot be tried in an action to recover salary incident thereto: 28 Cyc. 450; Dillon on Mun. Corp., 5th Ed., Section 429, note.

We are of the opinion that irrespective of the fact whether the plaintiff's discharge is regulated by the Act of March 5, 1906, P. L. 83, or by the Act of Feb. 15, 1906, P. L. 19, or by both of these acts construed in pari materia, he cannot recover in an action of assumpsit brought for his salary. The cases relied upon by appellant to show that the discharge of this plaintiff was illegal arose under petition for mandamus upon the city authorities to reinstate. Of course, that is a different matter, and in those cases the question of title to the office was directly raised.

The judgment entered in favor of the plaintiff is reversed and is now entered in favor of the City of Philadelphia.