Simpson, Appellant, *v.* South Mahoning Township School Board et al.

Argued September 25, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*John S. Simpson,* with him *Fisher, Ruddock & Simpson,* for appellant.

*James W. Mack, Jr.,* with him *L. E. Miller,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, November 13, 1950:

When two school districts form a joint school may the contract of a teacher formerly employed by one of them be terminated by the joint board if, notwithstanding the consolidation, it is necessary to retain the full number of teachers of both districts?

The plaintiff, Jean McMillen Simpson, taught in the elementary schools of South Mahoning Township, Indiana County, from 1941 until the close of the school year in May of 1948. Her contract, being in the prescribed statutory form, was to continue in force year after year unless terminated by her or by the board of school directors for one of the causes provided in the Teachers' Tenure Act of April 6, 1937, P.L. 213. In 1948 the school boards of South Mahoning Township and Plumville Borough School Districts entered into an agreement for the consolidation of their elementary public schools. Prior to this joinder there were two elementary school teachers employed in the Plumville schools and six in the South Mahoning Township schools; of these eight plaintiff was third in seniority. The joint school board continued to employ eight ele-

mentary teachers but refused to employ the plaintiff, engaging in her place a teacher not previously employed in either district. Claiming that her rights under the Teachers' Tenure Act were thereby violated plaintiff instituted an action in mandamus against the joint board. The court sustained defendants' preliminary objections to plaintiff's complaint.

It was held in *Walker's Appeal*, 332 Pa. 488, 2 A. 2d 770, that when a joint school is formed under the provisions of the School Code a teacher previously employed by one of the separate school districts may be dismissed despite the provisions of the Tenure Act, the theory of the decision being that a joint school board becomes a legal entity separate and distinct from each of its component boards, and as such can engage an entirely new teaching staff if it so desire; in other words, a teacher's contract was held to be subject to termination if the district school in which she taught was joined with that of another district. Following this decision, however, the Act of June 20, 1939, P.L. 482 was passed. It amended section 1205(a) of the Tenure Act by providing that "The *only* valid causes for termination of a contract entered into with a professional employe in accordance with the provisions of this section shall be—immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe." It amended also section 1205(b) by providing that "Any board of school directors . . . may suspend the necessary number of professional employes, for the causes hereinafter enumerated: . . . (3) Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint

board agreements, *when such consolidation makes it unnecessary to retain the full staff of professional employes.*" (It may be noted that substantially these same provisions are retained in sections 1122 and 1124 of the Public School Code of 1949, P.L. 30). Since a consolidation of schools is not stated to be one of the valid causes for the termination of a teacher's contract, and since it is only if such consolidation makes it unnecessary to retain the full staff of professional employes that a teacher may be suspended, and then only, under a further provision of section 1205(b), on the basis of efficiency rank determined by a certain method of rating,* it is clear that the decision in *Walker's Appeal* has been superseded and invalidated by this legislation, the express provisions of which clearly control the present controversy. We hold, therefore, that, while a joint board may employ necessary additional teachers for the joint schools or departments, it must continue to employ the teachers formerly employed in each of the merged districts unless one of the specified causes for termination of a contract exists, or unless the size of the teaching staff is reduced so as to justify the suspension of one or more of the teachers on the basis of efficiency ranking or of seniority rights as the case may be. Accordingly the court below was in error in rejecting plaintiff's contention that she was entitled, by virtue of her original contract, to continued employment by the joint board of the two school districts.

Order and decree reversed.

---

* It is provided that where no differences in rating are found suspensions shall be determined on the basis of seniority rights.