## Ritzie Appeal.

Argued November 14, 1952. Before STERN, C. J., STEARNE, JONES, CHIDSEY and MUSMANNO, JJ.

\

*Arthur H. James*, with him *Thomas F. Burke*, for appellant.

*Mitchell Jenkins*, for appellee.

OPINION BY MR. JUSTICE JONES, February 13, 1953:
From September 21, 1937, to December 23, 1946, Louis Ritzie, the present appellant, was under contract with the School District of the Borough of Dupont as a professional employee. At the end of that period, his annual salary was $1,750. In December of 1946 the State Superintendent of Public Instruction, acting upon an opinion by the Department of Justice, ruled that Miss Dugan, the Supervisory Prin-

cipal of the Dupont Borough Schools, was not qualified for her particular position which carried a salary of $3,250. Relying upon the ruling of the Superintendent of Public Instruction, the School Board created a new position, that of Supervising Principal of the Pulaski School, at an annual salary of $2,500, to which it appointed Miss Dugan and, at the same time, appointed Ritzie to succeed her in the position of Supervising Principal of the Borough Schools.

On September 4, 1947, Ritzie was awarded a new contract by the Board as Supervising Principal of the Borough Schools at an annual salary of $3,575. This contract was expressly made contingent upon the outcome of Miss Dugan's appeal to court for relief from the action of the Board pursuant to the ruling of the Superintendent of Public Instruction. Miss Dugan's appeal was upheld, first by the Court of Common Pleas of Luzerne County and then by this Court on July 7, 1948: see *Dugan v. Dupont Borough School District,* 359 Pa. 590, 59 A. 2d 888. Accordingly, the School Board, on September 2, 1948, restored Miss Dugan as Supervising Principal of Borough Schools, the annual salary of the position then being $3,725. The same day the Board created a new position, viz., Principal of Elementary Schools, at an annual salary of $3,750, to which it appointed Ritzie. A little over a year later, on January 5, 1950, upon the organization of the School Board following the election of new members, it abolished the position of Principal of Elementary Schools, thus bringing Ritzie's specially created and non-mandated position to an end.

Ritzie thereupon petitioned the Court of Common Pleas of the County for a writ of mandamus which was granted on August 2, 1950. The School Board was thereby ordered to reinstate Ritzie in a position at his former contract salary of $3,750 per annum until "fur-

ther action of the Board of the defendant district or until a new contract is entered into . . .": see *Ritzie v. Directors of Sch. Dist. of Boro. of Dupont,* 41 Luzerne Legal Register 283. The further action envisioned by the court order came the next day, August 3, 1950. The Board passed a resolution authorizing a contract of employment with Ritzie at a salary of $2,900 a year. Such a contract was offered Ritzie, but he refused it on the ground that it constituted a demotion in salary and forthwith demanded a hearing under Section 1151 of the Public School Code of 1949, P. L. 30, 24 PS §11-1151.

The Section cited provides in part that ". . . there shall be no demotion of any professional employe either in salary or in type of position without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as . . . in the case of the dismissal of a professional employe." Section 1127 of the Code provides that in cases of dismissal there shall be a hearing before the Board of School Directors; Section 1131 provides for an appeal to the Superintendent of Public Instruction; and Section 1132 authorizes a hearing de novo in a court of common pleas.

The hearing before the Board demanded by Ritzie resulted in the Board's confirmation of its earlier action. From this, Ritzie appealed to the Superintendent of Public Instruction who, after a hearing and argument, dismissed the appeal for lack of jurisdiction. A hearing de novo on Ritzie's complaint was subsequently held before Judge FLANNERY of the Court of Common Pleas of Luzerne County, and, as a result, the Board was ordered to reinstate Ritzie "at a salary of $3,750.00 per annum." Exceptions by the School Board to the order so entered were sustained in an opinion

by Judge FLANNERY for a unanimous court en banc, consisting of the five judges of the Court of Common Pleas of the County. As appears from the opinion, the court en banc had before it a copy of the minutes of the hearing held by the School Board earlier, which minutes had not been before the court at the hearing de novo.

What happened to Ritzie was not a demotion in salary within the meaning of Section 1151 of the statute. He was not entitled, therefore, to a hearing before the Board or to an appeal to the Superintendent of Public Instruction or to a hearing de novo in the court of common pleas. Concomitantly with the reinstatement of Miss Dugan in her former position, pursuant to our decision, the Board created the non-mandated position, with its attendant salary, to which it appointed Ritzie; and a contract was accordingly entered into by Ritzie and the Board. At that time, Ritzie was already under contract with the Board to serve as a professional employee at a salary of $1,750 a year,— his status when he was elected to Miss Dugan's position in December 1946. He held that position under the ensuing contract of September 4, 1947, upon the express contingency of the failure of Miss Dugan's appeal to the courts which did not transpire. Consequently, when the Board exercised its power and abolished the non-mandated position of Principal of Elementary Schools (*Houtz Appeal,* 361 Pa. 537, 65 A. 2d 420), which it had created for Ritzie, his sole claim upon the Board was for employment as a professional employee with the same salary as was being paid to other professional employees of like experience and seniority. And, that is what he got, his annual salary having risen in the meantime to $2,900.

The appellant's situation is analogous to that of the teacher in *Smith v. Philadelphia School District,* 334

Pa. 197, 5 A. 2d 535, who, along with all other professional employees of the district, suffered a certain reduction in salary for reasons of economy. It was there said (p. 206), ". . . it is evident that there are no charges which can be filed against the teacher, and it is therefore apparent that it was not the legislative purpose to include this type of reduction as a 'demotion in salary' within the meaning of section 3 [of the Tenure Act of April 6, 1947, P. L. 213] so as to require a hearing." Similarly, here, no charge has been (and, presumably, could not be) filed against Ritzie. But, to say that because that is so, the salary must continue, even though the position is abolished, and be paid *ad infinitum* to the latest incumbent of the non-mandated position is to fly in the face not only of reason but of authority. In *Ehret v. Kulpmont Borough School District,* 333 Pa. 518, 5 A. 2d 188, it was held that Section 3 of the Tenure Act did not preclude a school district from suspending entirely a professional employee's contract upon the justifiable abolition of a kindergarten department. It was there said for this court at p. 524 et seq. that, "To sustain appellee's contention that a teacher whose department has been discontinued must be retained, and the board compelled to pay her while she is idle, would seriously handicap our educational policies. . . . Appellee lays great stress on the fact that the abandonment of a department is not within the causes for dismissal contained in . . . the Act. . . . When an entire department is lawfully abolished for valid reasons, which may include financial ones, in the interest of a more efficient system, the teachers in that department can be dismissed." *A fortiori,* the abolition of a specially created office carries with it abolition of the salary; and the Code does not prevent the last incumbent of the position from being returned to his former position with its

attendant salary: *Commonwealth ex rel. Ricapito v. Bethlehem School District,* 148 Pa. Superior Ct. 426, 25 A. 2d 786.

In answer to the conclusion that the appellant was not demoted but merely returned to his former position of professional employee upon abolition of his non-mandated post of Principal of Elementary Schools, he points to Section 1101 of the Code which provides that "The term 'professional employe' shall include those who are certified as teachers, supervisors, supervising principals, principals . . ." etc. If this is intended to suggest that the creation and subsequent abolition of non-mandated positions, bearing titles such as "Principal" etc. or "Supervisor" etc., binds the Board to continue the salaries attached thereto, it would mean that Ricapito lost in the case above-cited because the non-mandated position he contracted to fill was designated "Dean", a title which does not happen to appear in Section 1101. Such is not, however, the rationale of the decision in the *Ricapito* case, supra.

The cases which the appellant cites in support of his contention that the change in his position was a demotion (*Streibert v. York School District Directors,* 339 Pa. 119, 14 A. 2d 303, and *Dugan v. Dupont Borough School District,* supra) are not in point. In each of those cases, the Board attempted to reduce a salary under a contract for services of a professional employee in a mandated position that would continue to exist, viz., the position of teacher in the first case and of Supervising Principal in the second. We find no merit in any of the appellant's contentions.

Order affirmed at appellant's costs.