## Alberts, Appellant, v. Garofalo.

Argued March 21, 1958. Before BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

Ira B. Coldren, Jr., with him Herman M. Buck, and Ray, Coldren & Buck, for appellant.

John L. Spurgeon, with him A. J. Kuzdenyi, S. J. Feigus, Fred C. Adams, and Spurgeon & Spurgeon, for appellees.

OPINION BY MR. JUSTICE COHEN, June 4, 1958:

Plaintiff appeals from a judgment of the Court of Common Pleas of Fayette County entered after the court en banc overruled exceptions to the dismissal of his complaint in mandamus in which he sought reinstatement as the supervising principal of the defendant school district and payment of his statutory compensation during the period of his suspension.

The plaintiff was elected supervising principal of Luzerne Township School District at a meeting of defendant school directors on July 1, 1955, and on the same date was given a duly executed professional employe contract. Thereafter, the plaintiff performed the duties of his post until June 25, 1956, when, at a special meeting of the school directors, a resolution was passed abolishing the position of supervising principal and suspending plaintiff from his employment. Although there was testimony before the court below that this action was taken as an "economy measure," no reason therefor was recorded in the minutes of the meeting; nor is there evidence that there had been previous discussion or approval of this action by the di-

rectors, the county superintendent or the superintendent of public instruction.

After the plaintiff's exceptions to the dismissal of his complaint were overruled, the defendants, on their own volition, reinstated him as supervising principal of the school district as of September 3, 1957. However, they refused him compensation for the period of his suspension. For this reason the plaintiff has taken the present appeal.

Although the plaintiff has been reinstated voluntarily, his entire cause of action was not thereby rendered moot. Defendants cannot defeat plaintiff's claim for damages by complying with his demand for reinstatement to his position after this action of mandamus was brought. See 55 C.J.S., Mandamus, §342 (1948).

Furthermore, mandamus remains the appropriate remedy to determine to what portion of his unpaid salary plaintiff is entitled as damages, for plaintiff must still establish his right to the position of supervising principal from the date of his suspension until the date of his reinstatement. See discussion in *Cain v. Stucker*, 159 Pa. Superior Ct. 466, 48 A. 2d 162 (1946); *Rush v. Philadelphia*, 62 Pa. Superior Ct. 80 (1916). We turn then to the merits of this appeal.

Under the provisions of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, §1161, as amended, 24 P.S. §11-1161, the defendant board of school directors had the authority to employ a supervising principal as an aid to the efficient management of the school system. This power, we believe, necessarily carries with it the right to abolish the position when, in the discretion of the board, the services of a supervising principal are no longer required: *Smith v. Darby School District*, 388 Pa. 301, 130 A. 2d 661 (1957). In the present case the right of the board to abolish the post of supervising principal is not questioned, and we

are here concerned only with the treatment of an employe whose position has been abolished.

As a supervising principal plaintiff is a professional employe within the meaning of the School Code: Act of March 10, 1949, P. L. 30, §1101, as amended, 24 P.S. §11-1101. As such his status could only be changed in accordance with the protective tenure provisions of the Code. Consistent with these provisions the defendant school directors could have summarily transferred the plaintiff to a position equal to or greater than his former post in status and salary: *Ritzie Appeal,* 372 Pa. 588, 94 A. 2d 729 (1953). Alternatively, they could have demoted the plaintiff to an inferior position provided that they first accorded him a hearing: *Smith v. Darby School District,* supra; Act of March 10, 1949, P. L. 30, §1151, 24 P.S. §11-1151. Further, the school directors could have dismissed plaintiff, but only for the causes set forth in the code and in the manner prescribed therein: *Smith v. Darby School District,* supra; Act of March 10, 1949, P. L. 30, §1122, as amended, 24 P.S. §11-1122 (Supp).

However, the defendants, after deciding to abolish the position of supervising principal, chose not to take any of the above actions with respect to the plaintiff, but instead elected to suspend him forthwith. The only causes set forth in the Code for which a suspension can be imposed are: "(1) Substantial decrease in pupil enrollment in the school district; (2) Curtailment or alteration of educational program . . . [under certain circumstances when recommended and approved by appropriate officials]; (3) Consolidation of schools . . . ." Act of March 10, 1949, P. L. 30, §1124, 24 P.S. 11-1124.[1]

---

[1] Nevertheless, even though a school board ostensibly complies with the substantive and procedural requirements of the code, if its action in fact is taken arbitrarily or discriminatorily, or stems

The record indicates that none of the above enumerated conditions existed in the school district at the time of plaintiff's suspension. Therefore, since the board's action could not have been prompted by any of the causes specified in the Code, the suspension was unlawful.[2] "The Board has no discretion as to whether it will comply with the clear provisions of the Act of . . . [1949]. Since it attempted to suspend . . . appellant in direct contravention of the Act and for causes not sanctioned thereby, its action was without statutory authority. It follows that appellant's resort to 'action by alternative mandamus was proper to enforce the statutory duty imposed upon the school board which in the absence of proper grounds for non-compliance, was mandatory' . . ." *Bragg v. Swarthmore School District*, 337 Pa. 363, 368, 11 A. 2d 152 (1940). *Cf. Simpson v. South Mahoning Township School Board*, 365 Pa. 567, 76 A. 2d 385 (1950). Accordingly, we must reverse the judgment of the court below and remit the record thereto with instructions to determine the amount of damages to which plaintiff is entitled. See *Coble v. Metal Township School District*, 178 Pa. Superior Ct. 301, 116 A. 2d 113 (1955).

Judgment reversed with a procedendo.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

Plaintiff on July 1, 1955, was elected supervising principal of Luzerne Township School District. On

---

from personal or partisan motives, it will be set aside: *Houtz v. Coraopolis Borough School District*, 357 Pa. 621, 55 A. 2d 375 (1947).

[2] The power of a school board under appropriate circumstances to suspend a professional employe during the pendency of a proceeding for discharge is not here involved. *Kaplan v. Philadelphia School District*, 388 Pa. 213, 130 A. 2d 672 (1957).

June 25, 1956, the position of supervising principal was "abolished for reasons of economy", and plaintiff was suspended from his employment. The position of supervising principal could be abolished for reasons of economy without violating any law, and the action. of the school directors is presumed to be valid. No question of seniority is involved and the position was not a mandated one. All of this is admitted by the majority opinion.

Plaintiff alleged he was suspended for personal or political reasons. As President Judge CARR, in his able opinion, aptly said: "It goes without saying that in abolishing the position of supervising principal the board was bound to act in good faith. The difficulty with the plaintiff's case is that there is no evidence to warrant a finding that the board did not do so. . . . Obviously, therefore, we cannot reinstate the plaintiff in a position that does not now exist." The lower court entered judgment in favor of the defendants.

According to the record, the school district was in financial straits, and I find nothing in the record which shows that the action of the defendants in abolishing the position and suspending plaintiff was unlawful or arbitrary or capricious.

On September 3, 1957, a new board of. school directors reinstated plaintiff as supervising principal of the defendant school district. On October 1, 1957, plaintiff appealed to this Court from the judgment entered, as aforesaid, in mandamus.

The judgment should be affirmed for each of two reasons: (1) The record sustains the power of. the school directors to abolish plaintiff's position for reasons of economy and to suspend plaintiff from his unmandated position. (2) Assuming arguendo that the record shows plaintiff's suspension to be unlawful, the record likewise shows that he had been reinstated. Un-

der such circumstances, mandamus is not the appropriate remedy by which plaintiff can recover compensation which he claims was due him during the period of his suspension. This is clear from the well established principles pertaining to mandamus.

In *Travis v. Teter*, 370 Pa. 326, 87 A. 2d 177, where mandamus was refused to a teacher who sought reinstatement and damages, this Court said (page 330): "We must consider the questions involved in the light of certain principles of law which are well established and directly applicable. *Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty* where there is *clear* legal right in the plaintiff, a corresponding duty in the defendant, *and a want of any other appropriate and adequate remedy* :* Borough of Easton v. Lehigh Water, 97 Pa. 554, 560; Goodman v. Meade, 162 Pa. Superior Ct. 587, 60 A. 2d 577. However, even in such cases its issuance [mandamus] is not a matter of right but in certain circumstances is a matter for the sound discretion of the court: Waters v. Samuel, 367 Pa. 618, 80 A. 2d 848." Where mandamus is granted, damages may be included as an incident thereto, but mandamus never has been (until today), never was intended to be, and under the aforesaid principles, never can be a substitute for an action of assumpsit.

This Court cannot issue the extraordinary writ of mandamus to compel defendants to restore the plaintiff to the position to which he already has been restored, and he has an appropriate and adequate remedy at law for the compensation of which he claims to have been unjustly deprived. I would affirm the judgment on the convincing unassailable opinion of Judge CARR.

---

* Italics throughout, ours.