IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roosevelt Holding, LP,
               Appellant

      v.

Rachelle Sampere, Zoning Officer
of West Manchester Township

:
:
:
:  No. 410 C.D. 2021
:  ARGUED:  December 13, 2021
:
:
:

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                 FILED:  January 4, 2022

Currently before us is Appellant Roosevelt Holding, LP's (Roosevelt) appeal of two orders issued by the Court of Common Pleas of York County (Common Pleas), both relating to Roosevelt's mandamus action against Rachelle Sampere, Zoning Officer of West Manchester Township (Sampere), through which Roosevelt sought to compel Sampere to issue a permit to Roosevelt. The first of these orders, which was docketed on January 19, 2021, denied Roosevelt's motion for summary judgment, while the second of these orders, which was docketed on March 18, 2021, granted Sampere's motion for summary judgment. Upon review, we vacate Common Pleas' orders and remand this matter to the lower tribunal, with instructions that it dismiss Roosevelt's lawsuit due to mootness, on account of Roosevelt having secured the relief it expressly sought through its Complaint.

## I. Background

Roosevelt owns an 18.9-acre, industrially zoned parcel of land that is located in West Manchester Township (Township) at 413 Zarfoss Road (Property).

Reproduced Record (R.R.) at 8a-9a; Compl. ¶¶3-4. On August 27, 2017, Roosevelt submitted an application to the Township for an access drive permit, through which Roosevelt sought approval to build "two separate access driveways—one at the south end of Zarfoss [Road]—no curb cut and one at the north end of Zarfoss [Road] with a 100[-foot] curb cut." R.R. at 136a-38a; Compl. ¶¶6-8. This application related to Roosevelt's land development plan, which had previously been approved by the Township and which authorized Roosevelt to construct "an outdoor trailer storage facility" on the Property. Compl. ¶5.

Monica Love, Sampere's predecessor as the Township's Zoning and Codes Enforcement Officer, responded on August 30, 2017, and informed Roosevelt that the permit had been approved, albeit with a consequent fee of $22,045.90; according to Love's email, the vast majority of this fee, $21,960.90, was for stormwater management and had been calculated based upon the square footage on the Property that was either paved or covered with stone. R.R. at 140a-41a. Roosevelt then asked the Township to identify the legal authority under which it had assessed this fee. *Id.* at 133a. At first, the Township claimed that the fee was authorized under its Floodplain Ordinance, even though the Property is not in a floodplain, after which it pivoted to stating that the fee had been charged because what Roosevelt had sought was actually a building permit, rather than an access drive permit. *Id.* at 29a-30a, 32a-34a; Compl. ¶¶13-17.

On February 2, 2018, Roosevelt attempted to pay the Township $85 for the zoning permit, representing the total permit cost minus the stormwater management assessment, and thereafter began constructing the access drives on the Property. *Id.* at 171a; Compl. ¶10. Roosevelt then filed a mandamus action in Common Pleas on February 2, 2018; therein, Roosevelt argued that the Township had no legal basis for

levying a stormwater management fee in this situation and, as such, that Sampere had a nondiscretionary, ministerial duty to issue an access drive permit upon Roosevelt's payment of $85. *See* Compl. ¶¶13-25. Accordingly, Roosevelt sought a judgment against Sampere that would compel her to issue the permit and to pay Roosevelt's legal costs. *Id.*, Wherefore Clause.

On February 12, 2018, Sampere issued a stop work order, which commanded Roosevelt to cease all construction activities until it had paid all of the assessed fee and had obtained its desired permit. R.R. at 52a. Roosevelt responded by paying the fee in full, albeit under protest, and was consequently granted its desired permit. *Id.* at 171a; Roosevelt's Br. at 16. Despite this change in circumstances, Roosevelt neither withdrew its then-pending mandamus action, nor filed an amended complaint with additional averments of fact, legal arguments, or requests for relief.

Both parties subsequently filed respective motions for summary judgment. On September 16, 2020, Roosevelt filed its motion, in which it argued that it was entitled to judgment in its favor as a matter of law on three bases: first, no Township ordinance authorized the levying of a stormwater management fee against Roosevelt, regardless of whether Roosevelt's desired permit was deemed to be an access drive permit or a building permit; second, though the Township had established a stormwater management fee schedule via resolution, nothing in that resolution conditioned the issuance of access drive permits or building permits upon payment of such a fee; and third, even in the absence of these legal deficiencies, it remained that the stormwater management fee was improper, because the assessed amount bore no relationship to the cost borne by the Township for issuing the permit. R.R. at 128a-31a, 165a-69a. Accordingly, Roosevelt requested that Common Pleas' judgment take the form of a writ of mandamus compelling Sampere to reimburse the

3

$21,960.90 stormwater management fee Roosevelt had paid for its permit, plus interest. *Id.* at 131a-32a. Separately, on January 15, 2021, Sampere filed her motion, in which she argued that Roosevelt's action had been rendered moot by its payment of the assessed fees coupled with her issuance of the permit and, assuming that the case was not now moot, the assessed stormwater management fee was legally authorized and, in addition, was reasonable in light of the parameters of Roosevelt's proposed development. *Id.* at 247a-50a, 252a-56a.

Common Pleas denied Roosevelt's motion on January 19, 2021. In its attached memorandum opinion, Common Pleas explained that Roosevelt was not entitled to summary judgment for several reasons: first, as a matter of law, the construction work Roosevelt proposed to do on the Property required both an access drive permit and a building permit; second, the Township was authorized via ordinance and resolution to levy stormwater management fees against applicants for such permits; and third, the assessed fee bore a sufficient relationship not just to the Township's costs for issuing these permits, but also to the Township's costs for dealing with the additional stormwater runoff that would be caused by development of the Property. Common Pleas Op., 1/19/21, at 3-8. Roosevelt moved for reconsideration of this decision, but Common Pleas denied this request via an order docketed on February 5, 2021. R.R. at 280a.

By contrast, Common Pleas granted Sampere's motion on March 18, 2021. In doing so, Common Pleas agreed with both of Sampere's aforementioned arguments. Common Pleas Op., 3/18/21, at 3-5. Additionally, Common Pleas held that Roosevelt was barred by both collateral estoppel and *res judicata* from challenging Common Pleas' rulings regarding the legality of the assessed stormwater

4

management fee, due to Roosevelt's failure to appeal Common Pleas' denial of Roosevelt's motion for reconsideration. *Id.* at 5.

This appeal, which pertains to Common Pleas' rulings regarding both motions for summary judgment, followed shortly thereafter.

## II. Discussion

While Roosevelt raises a number of issues for our consideration,[1] we need only address the question of whether Roosevelt's action has been rendered moot in order to dispose of its appeal. "It is well settled that the courts do not render decisions in the abstract or offer purely advisory opinions [and, as such, j]udicial intervention is appropriate only where the underlying controversy is real and concrete, rather than abstract." *Harris v. Rendell*, 982 A.2d 1030, 1035 (Pa. Cmwlth. 2009) (internal citations and quotation marks omitted). In keeping with this bedrock principle,

> [t]he doctrine of mootness requires that an actual case or controversy be in existence "at all stages of review, not merely at the time the complaint is filed." *In re Gross*, . . . 382 A.2d 116, 119 ([Pa.] 1978). This Court has stated that an actual case or controversy is found where the following exist:
>
> > (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse

---

[1] In addition to contesting the mootness of its mandamus action, Roosevelt argues: (1) Common Pleas erroneously determined at the summary judgment stage that Roosevelt had sought a building permit; (2) Common Pleas improperly concluded that the Township was legally authorized to assess a stormwater management fee against Roosevelt; (3) Common Pleas erred by determining at the summary judgment stage that the assessed stormwater management fee bore a relationship to the expenses incurred by the Township in relation to issuing and supervising the desired permit; and (4) Common Pleas committed an error of law by ruling that Roosevelt was barred by collateral estoppel and *res judicata* from making arguments in opposition to Sampere's motion for summary judgment that it had already raised in support of its own motion for summary judgment. Roosevelt's Br. at 7-14, 16-17.

> parties so as to sharpen the issues for judicial resolution. A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit. Courts will not enter judgments or decrees to which no effect can be given.
>
> *Clinkscale v. Dep't of Pub. Welfare*, 101 A.3d 137, 139 (Pa. Cmwlth. 2014) (quoting *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004)).

*Driscoll v. Zoning Bd. of Adjustment of City of Philadelphia*, 201 A.3d 265, 268-69 (Pa. Cmwlth. 2018). "[A] legal question can become moot on appeal as a result of an intervening change in the facts of the case. . . . Similarly, an issue can become moot due to an intervening change in the applicable law." *Gross*, 382 A.2d at 119-20; *accord Zemprelli v. Thornburgh*, 466 A.2d 1123, 1124 (Pa. Cmwlth. 1983) ("Intervening changes in the factual matrix of a pending case, which eliminate an actual controversy and make it impossible for the requested relief to be granted, render a legal question moot.").

In this instance, Roosevelt's own conduct rendered its lawsuit moot, thereby depriving us, and Common Pleas, of the ability to rule on this matter's merits. As already noted, Roosevelt alleged in its Complaint that, first, the Township was without legal authority to assess a stormwater management fee in relation to Roosevelt's desired access drive permit and, second, that Sampere had a consequent, nondiscretionary duty to issue the permit for $85. Compl. ¶¶13-25. Consequently, Roosevelt sought a court order directing Sampere to issue that permit. *Id.*, Wherefore Clause. Days after filing its Complaint, however, Roosevelt paid the full amount of the assessed permit fee, including the portion pertaining to stormwater management, and received the permit. *See* R.R. at 171a; Roosevelt's Br. at 16. This step rendered

Roosevelt's mandamus action moot, as the only relief it had asked for *was a judgment directing Sampere to issue that very permit*.

It bears mentioning that there are exceptions to the mootness doctrine, all of which fall into three broad categories. First, we may rule upon an otherwise moot matter in instances where "the conduct complained of is capable of repetition yet likely to evade judicial review[.]" *Mistich*, 863 A.2d at 119. Second, we are able to do so when "the case involves issues of great public importance[.]" *Id.* Finally, we can elect to address the substantive merits of such a matter in the event "one party will suffer a detriment in the absence of a court determination." *Id.*

Roosevelt, however, does not assert that any of these exceptions apply here and instead maintains that this matter is not actually moot, as well as that an active case or controversy still exists, due to Sampere's putatively illegal assessment of the stormwater management fee. Roosevelt's Br. at 15-16. In doing so, Roosevelt contends that the mere fact it has secured its desired permit is of no moment, due to the fact that it had to pay this fee in order to secure the permit and, consequently, that it "is nonetheless entitled to a refund of the $21,960.90 that was wrongfully assessed, plus interest." *Id.* Roosevelt directs our attention to three cases, which it believes support its position that it can continue to pursue its mandamus action in order to recover such monetary damages: *McNaughton Company v. Witmer*, 613 A.2d 104 (Pa. Cmwlth. 1992); *City of Pittsburgh v. Pennsylvania Department of Transportation*, 416 A.2d 461 (Pa. 1980); and *Alberts v. Garofalo*, 142 A.2d 280 (Pa. 1958). *See* Roosevelt's Br. at 15-16.

We are unpersuaded by Roosevelt's argument on this point, as it misconstrues the details and applicability of each of these cases. In *McNaughton*, a construction company filed a mandamus action, through which it sought mandamus relief to

7

compel a municipality to issue certain land development-related permits, as well as "such other relief as is deemed necessary and appropriate under the circumstances." 613 A.2d at 105-06. The municipality subsequently granted the desired permits, but the company continued to pursue its action in order to recover delay damages. *Id.* at 106. On appeal, we ruled that the company's sought-after damages fell within the ambit of its broad request for "such other relief[,]" as well as that the municipality's issuance of the desired permits did not render moot the company's demand for damages.[2] *Id.* In *City of Pittsburgh*, the City filed a mandamus action in our original jurisdiction, through which it sought to compel the Department of Transportation (Department) to abide by an order issued by the Pennsylvania Public Utility Commission that directed the Department to reimburse the City for certain expenditures relating to emergency demolition and reconstruction of a bridge. 416 A.2d at 462-63. The Department then tendered the assessed amount to the City during the pendency of the action, but refused to pay any interest on the principal for the time period between the Commission's order and the Department's payment to the City. *Id.* at 463. We subsequently granted the City's motion for judgment on the pleadings, thereby holding that the Department was legally obligated to pay the City such interest. *Id.* The Department then appealed to the Supreme Court and, of relevance to the matter currently before us, argued that its payment to the City of the principal owed mooted the City's mandamus action and deprived our Court of the ability to award interest. *Id.* at 464. The Supreme Court disagreed with the Department, concluding that the Department's payment "did not act to render the [City's] entire cause of action moot . . . [and could not enable the Department] to

_____

[2] We ultimately affirmed the trial court's granting of summary judgment in favor of the municipality, due to our conclusion that the construction company had not been entitled to mandamus relief. *See McNaughton*, 613 A.2d at 106-08.

8

escape its obligation to pay interest [simply] because it tendered the principal sum due after the City initiated this lawsuit." *Id.* Finally, in *Alberts*, a "supervising principal" was suspended when the directors of the school district that employed him abolished the position which he held. 142 A.2d at 281. Alberts then filed suit against the school district and its directors, seeking mandamus relief restoring him to his former position, as well as awarding back pay for the period during which he was suspended. *Id.* The Court of Common Pleas of Fayette County dismissed Alberts' complaint, but the defendants nevertheless reinstated Alberts as the school district's supervising principal, albeit without compensating for the wages he had not been paid during his suspension. *Id.* On appeal, our Supreme Court concluded in relevant part that Alberts' restoration had not fully mooted his mandamus action, reasoning that "[d]efendants cannot defeat plaintiff's claim for damages by complying with his demand for reinstatement to his position after this action of mandamus was brought." *Id.*

Thus, this matter has two clear and salient differences from the ones approvingly referenced by Roosevelt, which render *Alberts*, *City of Pittsburgh*, and *McNaughton* inapposite. First, the damages sought by Roosevelt were effectively created by *Roosevelt itself*, when it elected to tender the full amount of assessed stormwater management fees despite having already filed suit against the Township.[3] Second, and more importantly, Roosevelt neither expressly sought monetary damages through its complaint, nor requested broad-enough relief therein, such that the request could reasonably be interpreted as encompassing a demand for

---

[3] Theoretically, Roosevelt could have followed the course charted by the plaintiff in *McNaughton*, by seeking to compel Sampere via mandamus to issue the permit and, in addition, requesting damages for the financial harm caused by the putatively unlawful permitting delay.

damages. Therefore, under these circumstances, there is no additional, sought-after relief that a court may provide to Roosevelt in relation to its current lawsuit.

### III. Conclusion

In accordance with the foregoing, we vacate Common Pleas' January 19, 2021 and March 18, 2021 orders. Furthermore, we remand this matter to Common Pleas and instruct the lower court to dismiss Roosevelt's mandamus action on the basis of mootness.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roosevelt Holding, LP,           :
              Appellant     :
                        :
       v.               :  No. 410 C.D. 2021
                        :
Rachelle Sampere, Zoning Officer  :
of West Manchester Township     :

# **O R D E R**

AND NOW, this 4th day of January, 2022, it is hereby ORDERED that the Court of Common Pleas of York County's (Common Pleas) orders, docketed respectively on January 19, 2021, and March 18, 2021, are VACATED. It is FURTHER ORDERED that this matter is REMANDED to Common Pleas, with instructions to dismiss Appellant Roosevelt Holding, LP's mandamus action due to its mootness.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge