## Jacobs, Appellant, *v.* Wilkes-Barre Township School District et al.

Argued November 26, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

450

*Arthur A. Maguire,* with him *Frank Slattery, Jr.,* for appellant.

*Michael F. McDonald,* with him *John L. McDonald* and *M. F. Shannon,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 6, 1947:

Esther Moran Jacobs, appellant, filed a petition for a writ of alternative mandamus, to compel the School District of Wilkes-Barre Township, and John Kinsel, John J. Quinn, Stephen Gola, Ellsworth Davis, Nicholas Solack, Leon Ziomek, and Andrew Kuren, appellees, to reinstate appellant to her position as a teacher in said school district, and pay to her moneys to which she was allegedly entitled under the terms of her contract. At the trial the jury was directed to return a verdict in favor of appellees. This appeal is from the refusal of the court below to grant appellant's motions for a new trial and for judgment non obstante veredicto.

Esther Moran Jacobs, appellant, was employed as a teacher in the Wilkes-Barre School District in 1930, and was so employed at the time the Teachers' Tenure Act of 1937, P. L. 213, 24 P.S. 1121, et sec, was enacted. In conformity with said Act, a proper contract was duly entered into between appellee school district and appellant on August 29, 1940. Beginning February 25, 1941, appellant, without notice to the board, or permis-

sion therefrom, voluntarily remained away from her duties for the balance of the year. On July 30, 1941, a child was born to appellant. In September, 1941, appellant resumed teaching and continued to do so until June, 1942. In September, 1942, she again failed to appear to perform her duties as teacher, but addressed a letter dated September 1, 1942, to the board requesting a sabbatical leave. The envelope containing said letter was postmarked October 12, 1942. No action was taken upon the said request by the board. In September, 1943, Ellsworth Davis, one of the appellees, spoke to appellant on the telephone and requested to know what her intentions were with respect to her duties and her contract. Appellant replied that she would inform the board of her decision in the course of two weeks. She did not subsequently contact Davis, the board, or any member thereof. Thereafter, the position on the teaching staff for which appellant was employed was filled by employment of another regular teacher. Thereafter, neither appellant nor the board, on her behalf, paid any moneys into the retirement fund. In January, 1944, a second child was born to appellant. On September 5, 1944, at the beginning of the school year 1944-45, appellant presented herself for duty but was denied the privilege of teaching. This petition for writ of alternative mandamus was then filed.

Said petition set forth that appellant is a duly certified, qualified teacher of Home Economics, and duly elected as such by appellees, that on August 24, 1940, a contract was entered into between the appellee school board and appellant, pursuant to the Teachers' Tenure Act; that said contract was not terminated by resignation nor for any cause or in any manner set forth in said contract or law applicable thereto; that on September 5, 1944, she reported for duty pursuant to the terms of her contract but was denied the right to carry out the terms thereof; that she was informed that one, Agnes Butler, had been assigned to and was occu-

pying her position; that she had not been suspended **nor** was her contract terminated for any of the causes set forth in the Act, nor had charges been filed against her, no notice given, and no opportunity for a hearing afforded her.

The answer to the writ of alternative mandamus denied that the contract of 1940 was in full force and effect, recited the facts heretofore stated, and averred, *inter alia,* that due to the unexplained absence of appellant, there being no one to teach Home Economics, Agnes Butler was elected as a full time professional employee; that the fiscal budget for the years 1943-44, 1944-45, did not contain appellant's name, nor was her name listed on the application for appropriation for said years.

The trial judge directed a verdict for the appellees, being of opinion that appellant had abandoned her contract.

Appellant contends that, (1) a contract duly executed under and pursuant to the Teachers' Tenure Act of 1937 may be terminated only by compliance with the procedural requirements of said Act (24 P.S. sec. 1126), and (2) the answer did not allege abandonment of contract.

Where a school board undertakes to terminate a contract with a professional employee, the procedure set forth in the Act must be strictly followed, and failure on the part of the board to comply therewith renders the attempted dismissal abortive: *Swink's Case,* 132 Pa. Superior Ct. 107, 200 A. 200. It is equally true that a teacher who leaves her position in violation of the contract thereby disqualifies herself from teaching in any public school in this Commonwealth during the term of said contract: Act of 1911, P. L. 309, sec. 1209, 24 P.S. sec. 1128. The obvious intention of the legislature in enacting the latter provision was to prevent one who has breached a contract by refusing to continue to

teach from obtaining employment elsewhere in this Commonwealth as a teacher in the public schools. Clearly, this provision has no application here.

Section 205 of the Act of 1911, P. L. 309, sec. 1205, as amended, 24 P.S. sec. 1126, provides: "The only valid causes for termination of a contract entered into with a professional employe in accordance with the provisions of this section shall be—immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe." Provision is thus made whereby termination of the contract may be effected either by the professional employee or by the school board. When, therefore, one of the parties seeks to terminate the contract, the respective statutory provisions apply. Those situations are not here involved.

The legislature has not restrained or prevented mutual recognition of the termination of the contract. "It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted. And this may be shown by parol by showing either an express agreement or actions necessarily involving the alterations: *Achenbach v. Stoddard*, 253 Pa. 338, 343, 98 A. 604, 605": *Mazer v. Kann*, 343 Pa. 376, 379, 22 A.2d 707, 708. Appellant's contention, therefore, that the words "And It Is Further Agreed by the parties hereto that none of the provisions of this act may be waived either orally or in writing", required to be incorporated in the contract, prevented termination by mutual agreement, is without merit.

Appellant's failure to report for two consecutive years, the failure to avail herself of the rules governing maternity leaves, of which she had knowledge, and, more specifically, her refusal or failure to notify Davis or the board of her intention regarding the contract after

Davis had contacted her, are facts necessarily leading to the conclusion that she has expressed, through her actions, a definite intention to abandon the contract. The action of appellee school board in employing a permanent teacher to replace her, only after a reasonable time had elapsed after they had contacted appellant, was an act of, or acquiescence in, the abandonment. Together, these acts constituted a mutual rescission. That the parties have abandoned the contract by acts instead of words or writing is of no consequence. Had appellant and the board, in writing, agreed that the contract was to be thenceforth void and of no effect, it could not seriously be contended that effect would not be given thereto, even though the procedure required by the Act had not been complied with. Similarly, had the parties orally agreed to the same terms, effect would be given to said oral agreement.

Appellant's contention that the remedy of the board was to proceed according to the statutory provisions and that in the absence of such procedure her contract remained in full force and effect, cannot be sustained. The only conclusion to be derived from said contention is that, regardless of the number of intervening years, whether it be five, ten, or fifteen, she would still have a valid and enforceable contract. Such an absurd conclusion cannot have judicial approval.

The purpose of the Tenure Act is to secure the greatest educational opportunities possible for the children of this Commonwealth by assuring capable and competent teachers security of employment, thus tending toward a more efficient performance of their duties of instruction: *Walker's Appeal*, 332 Pa. 488, 491, 2 A.2d 770, 772; *Teachers' Tenure Act Cases*, 329 Pa. 213, 231, 197 A. 344, 355. In *Commonwealth ex rel. v. Sunbury School District*, 335 Pa. 6, 11, 6 A.2d 279, 281, this Court said: "The fundamental policy of our public school system is to obtain the best educational facilities for the children of the Commonwealth. To this end must be

subordinated all personal and partisan considerations." To adopt the contention of appellant would defeat the purpose of the Act.

The court below properly directed the jury to return a verdict in favor of appellees.

The order and judgment of the court below are affirmed.