Elizabeth Gobla, Petitioner *v.* Board of School Directors of the Crestwood School District, Respondent.

Argued March 14, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Peter J. O'Brien, O'Brien and Miller,* for petitioner.

*Joseph B. Farrell,* for respondent.

Opinion by Judge Williams, Jr., May 27, 1980:

The petitioner, Elizabeth Gobla, appeals from an order of the Pennsylvania Secretary of Education affirming her dismissal as a high school teacher by the respondent, Board of School Directors of the Crestwood School District.

The petitioner was dismissed on November 2, 1978 on charges that she was guilty of persistent negligence, as well as persistent and willful violation of the school laws of the Commonwealth. Both of these charges are statutory grounds for dismissal under Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1122.

When the petitioner reported for work on September 1, 1978, four days before the beginning of the 1978-79 school year, she was informed that she was being suspended pending arrangements for a dismissal hearing. Subsequently, she was duly served with notice of the dismissal hearing and a statement of charges alleging thirty-five incidents of misconduct on her part. The charges were a catalogue of derelictions, misdeeds and infractions allegedly committed by the petitioner during the period from April 1976 into the summer of 1978.

Examples of the incidents alleged are as follows: holding a party in her classroom without prior administrative approval; using a rubber stamp to imprint the word "bull shit" in one-inch letters on a sheet on the counter in the main school office such that it was openly visible to staff, students and visitors; using a wrench to remove the univent cover in her classroom and disconnecting the damper to raise the room temperature to over 80 degrees Farenheit; failing to hand in lesson plans; and failure to release a student from class after being instructed to do so by the principal, which resulted in the petitioner ridiculing the principal and the student. Also charged was an inci-

dent in which the petitioner covered her classroom windows with construction paper, in such a way as to obstruct visibility into the room. When instructed to remove it, she cut a small "peep-hole" into the paper.

After hearings on October 3 and October 9, 1978, the Board of School Directors voted unanimously, on November 1, 1978, to dismiss the petitioner. The Secretary of Education sustained the dismissal and in the process made 32 findings of fact, 23 of which detail acts and omissions by the petitioner which rise to the level of persistent negligence and persistent and willful violation of the school laws.

The dismissal hearings of October 1978 were not the first school action against petitioner Gobla. In March 1978, she was given a disciplinary hearing on charges of abusing the school sign-in sheet. Specifically, she was alleged to have persistently and deliberately used an unintelligible penmanship, "resembling Japanese", to sign her name.

Prior to the March disciplinary hearing the petitioner distributed to staff members a mimeographed flier, bearing the words "WHAT, ME WORRY?" together with a likeness of a cartoon character from Mad Magazine named Alfred E. Newman. The flier ridiculed the upcoming disciplinary hearing and called for a gathering of her sympathizers at a local bar after that hearing.

As a result of the March 1978 disciplinary hearing Elizabeth Gobla was suspended without pay for twenty days, commencing March 13, 1978. However, on March 10, 1978 she sustained a work-related injury and collected·workmen's compensation for the rest of that school year.

In the course of her medical absence she ignored requests to return her lesson-plan book, grade book and school keys. She also failed to respond to requests for information concerning her availability for work in

the upcoming 1978-79 school year, as a result of which a substitute teacher had been engaged. The petitioner did not disclose her availability until she appeared at the school on September 1, 1978, four days before the opening of school. When she reported on September 1st, she was suspended and advised of the school's intention to schedule the dismissal proceedings that are the subject of the instant appeal.

In this appeal, the petitioner does not present a point challenging the sufficiency of the evidence to support the charges against her or the findings by the Secretary of Education. Nor does the petitioner contest that the evidence and the findings make out grounds for dismissal under Section 1122 of the Public School Code. Instead, the petitioner presses a less ordinary legal argument: She asserts that because some of the incidents charged in the October 1978 dismissal proceedings occurred prior to the March 1978 suspension hearing, those incidents cannot form part of the basis for her dismissal. Indeed, the petitioner goes further and contends that some of the incidents which resulted in her dismissal were also the basis for her earlier suspension, and that, therefore, the dismissal constituted unlawful double punishment for the same conduct.

The petitioner cites no authority for these propositions; nor have we found any. Furthermore, we see no merit in the assertions whatsoever. Petitioner's argument would have us apply a rule akin to the common-law bar against "splitting causes of action" and apply a principle sounding like the defenses of double-jeopardy or *autre fois convict*. These doctrines can have no application to the matter before us in this appeal.

One of the statutory charges against Elizabeth Gobla is that she persistently and willfully violated the school laws. Persistency characterizes a violation of the school laws by a professional employee where the

violation occurs either as a series of individual incidents, or as one incident carried on for a substantial period of time. *Lucciola v. Secretary of Education*, 25 Pa. Commonwealth Ct. 419, 360 A.2d 310 (1976). Given this definition, it is in the very nature of the offense that it entails a series of deliberate violations accumulated over a period of time. Therefore, the fact that some of the earlier misdeeds in the accumulation received a sanction less than dismissal, does not stop those earlier infractions from joining with others to form a larger pattern which can be called "persistency". According to petitioner's theory if a number of earlier violations brought the sanction of suspension, then the next subsequent infraction could not make the actor a "persistent" violator. The unsoundness of this theory is that the very next infraction may be the one that reveals the persistency: it may be the straw that breaks the camel's back.

The petitioner asserts that the dismissal constituted an additional penalty for the same offenses which were the subject of the suspension hearing, held on March 3, 1978. However, the Secretary found that the March suspension hearing was based on a single charge, the petitioner's abuse of the school sign-in sheet, and found that the November 1978 dismissal was based on a series of separate offenses. Since the petitioner does not, in this appeal, challenge the Secretary's findings of fact, we must reach the conclusion that the offenses litigated in the two hearings were not the same.

Indeed, according to the Secretary's findings, some of the incidents which formed the basis for the petitioner's dismissal occurred subsequent to the March 3, 1978 suspension hearing. For example, it was found that on March 5, 1978 she tore pages from her lesson plan book and threw them on the principal's desk, in the presence of staff. The episode in which she refused to release a student from class occurred on March 6,

1978; and her refusals to provide information as to her availability for work occurred throughout the summer of 1978.

This Court must affirm the order of the Secretary unless there was a violation of constitutional rights, an abuse of discretion, an error of law, or if a necessary finding of fact is unsupported by substantial evidence. *E.g., Steffen v. Board of Directors of South Middletown Township School District,* 32 Pa. Commonwealth Ct. 187, 377 A.2d 1381 (1977). We find no infirmity which warrants our disturbing the order of the Secretary of Education in this case, and we affirm.

ORDER

AND Now, the 27th day of May, 1980, the Order of the Secretary of Education entered April 12, 1979 in the above matter, Teacher Tenure Appeal No. 36 of 1978, is affirmed.