Robert J. Bruckner, Petitioner *v.* Lancaster County Area Vocational-Technical Joint School Operating Committee, Respondent.

Area Vocational-Technical School Committee for Lancaster County, Petitioner *v.* Robert J. Bruckner, Respondent.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Thomas W. Scott, Killian & Gephart,* for petitioner, Robert J. Bruckner.

*Clarence C. Kegel, Jr., Barley, Snyder, Cooper & Barber,* for respondent.

524

OPINION BY JUDGE BLATT, December 23, 1982:

Robert J. Bruckner (Bruckner) appeals here an order of the Secretary of Education (Secretary) which affirmed his dismissal from a teaching position with the Lancaster County Area Vocational-Technical School. Appeal No. 3107 C.D. 1980. The School Committee has also appealed the Secretary's order as to the award of back pay. No. 3210 C.D. 1980.

The facts as stated by the Secretary are as follows: Bruckner was last employed by the School Committee as a commercial art instructor. He left the school on January 27, 1978 citing medical reasons for his leaving, and he was subsequently admitted to the Veterans Hospital in Philadelphia for treatment of a nervous condition. Bruckner, his physician, and the school administration exchanged letters throughout the spring and summer of 1978, all in an effort to see if Bruckner was fit to resume his teaching duties the following September. On June 22 he was given an extended medical leave of absence until August 1, at which time he was to inform the school as to his plans for the fall semester and to produce documentation of his satisfactory mental health and of his ability to carry on his teaching duties. On August 24, the School Committee, having had no communication from him since having informed him of the granting of his extended leave and because of their need to find a replacement for the rapidly approaching school year, adopted a resolution to the effect that Bruckner's failure to respond should be considered as a resignation from his position. Only after that did Bruckner express a desire to return, which he did by appearing in person at the school on September 5, 1978, but this was deemed too late.

Bruckner thereafter sought legal advice and in February of 1979 requested reinstatement and back pay. Hearings were held after which Bruckner was dismissed as a professional employee on the grounds of incompetency, persistent negligence, persistent and willful violations of the school laws, and intemperance. Bruckner appealed to the Secretary who upheld the School Committee on the dismissal issue, but granted Bruckner back pay to December 27, 1979, the date of the School Committee's adjudication and order, holding that there had been no abandonment of his job. Both parties have petitioned this Court for review.

Our scope of review, in cases such as the one presented here, is limited to a determination of whether or not there was a violation of constitutional rights, an abuse of discretion, or an error of law, or whether or not necessary findings of facts are supported by substantial evidence. *Gobla v. Crestwood School District*, 51 Pa. Commonwealth Ct. 539, 414 A.2d 772 (1980).

## No. 3107 C.D. 1980

Bruckner argues that our due process constraints require reinstatement where there has been no resignation and no pre-termination hearing. This argument, however, was exhaustively discussed and rejected by this Court in *Andresky v. West Allegheny School District*, 63 Pa. Commonwealth Ct. 222, 437 A.2d 1075 (1981), where Judge MENCER carefully analyzed both the federal constitutional case law and the Pennsylvania statutory scheme. It is clear that a post-termination procedure, such as employed here, fully satisfies the mandate of due process.

Bruckner also argues that the evidence used to justify his dismissal consisted in large part of hear-

say statements. While recognizing the evils attendent in hearsay and this Court's view that administrative agency decisions cannot be found wholly on hearsay evidence, *Bleilevens v. Pennsylvania State Civil Service Commission,* 11 Pa. Commonwealth Ct. 1, 312 A.2d 109 (1973), we must also note that, under Section 505 of the Administrative Agency Law, 2 Pa. C. S. §505, administrative agencies may receive all relevant testimony without regard to technical rules of evidence. *See also, GRC Coal Co. v. Pennsylvania Game Commission,* 63 Pa. Commonwealth Ct. 10, 437 A.2d 512 (1981). And where, as here, there is other evidence supportive of the hearsay evidence, there is no error in admitting the hearsay. *Department of Public Welfare v. Malinsky,* 26 Pa. Commonwealth Ct. 193, 363 A.2d 863 (1976).

Bruckner contends, too, that the Secretary's decision is not supported by substantial evidence. He notes that he was dismissed pursuant to Section 1122 of the Public School Code, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1122, which lists several grounds for discharge. Supportive evidence was presented on more than one of these grounds. In fact, the record is replete with evidence as to examples of behavior which would justify the Secretary's belief that Bruckner was not qualified at the time concerned to be teaching. Incompetence is amply demonstrated in the record by the unsatisfactory ratings he received from his supervisors, by his failure to submit a curriculum for six years, by numerous instances cited where he seemed to lack control over his students in allowing card-playing in the classroom, etc. Persistent negligence is evidenced by his inability to cope with his students and by his failure to follow prescribed school board procedures. *Stroman v. Secretary of Education,* 7 Pa. Commonwealth Ct. 418, 300 A.2d 286 (1973). Moreover, he

persistently and willfully violated the school's rules as to parties in the classroom, early dismissals of the students, and in numerous other instances of unprofessional behavior, despite warnings to desist. Where, as here, the school administrators have adopted clear and reasonable rules governing the management of their affairs and the conduct of teachers and these rules are persistently and willfully violated, termination of employment is justified. *Ambridge School District v. Snyder,* 346 Pa. 103, 29 A.2d 34 (1943).

Bruckner contends finally that he was discriminated against because of his mental illness. The facts are, however, that he was dismissed for a number of reasons, including incompetence and negligence, and not on account of his mental illness per se. *See Clark v. Colonial School District,* 36 Pa. Commonwealth Ct. 419, 387 A.2d 1027 (1978).

For all of the above reasons, the Secretary's order directed to upholding Bruckner's dismissal will be hereby affirmed.

## No. 3210 C.D. 1980

In the cross-appeal, the School Committee attacks the Secretary's award of back pay, arguing that Section 1130 of the Code, 24 P.S. §11-1130, controls this case. This section reads:

> *In all cases where the final decision is in favor of the professional employe,* the charges made shall be physically expunged from the records of the board of school directors, but a complete official transcript of the records of the hearing shall be delivered to the one against whom the charges are made. *In all such cases there shall be no abatement of salary or compensation.* (Emphasis added.)

*Id.* The plain meaning of the section is that only those employes who are discharged wrongfully are

entitled to a back pay award. Moreover, in addition to the statutory mandate, the Pennsylvania Supreme Court has also ruled on this issue in *Kaplan v. Philadelphia School District*, 388 Pa. 213, 130 A.2d 672 (1957). There the Court interpreted the section concerned here and stated that "it is as clear as a first grade primer, that there shall be 'no abatement of salary' *only* where the final decision 'is in *favor* of the professional employe'. . . ." *Id.* at 222, 130 A.2d at 677 (emphasis in original). The Court reasoned that public funds should not be expended where no services were performed. Here, of course, the Secretary had awarded back pay because it was his opinion that Bruckner had not abandoned his job. However, *Jacobs v. Wilkes-Barre Township School District*, 355 Pa. 449, 50 A.2d 354 (1947), a case which the Secretary found distinguishable is instructive in determining the question of abandonment. There, our Supreme Court ruled that teacher contracts can be terminated by mutual agreement where, as here, the teacher has made no effort to contact the school and to preserve the employment relationship. We must conclude that the Secretary erred as a matter of law in the awarding of back pay and that this part of the Secretary's order must be reversed.

ORDER IN 3107 C.D. 1980

AND Now, this 23rd day of December, 1982, the order of the Secretary of Education as to the dismissal of Robert J. Bruckner is hereby affirmed.

ORDER IN 3210 C.D. 1980

AND Now, this 23rd day of December, 1982, the order of the Secretary of Education awarding backpay to the said Robert J. Bruckner is hereby reversed.