535 A.2d 304

Appeal of Judith B. Kahle, A Member of the Police Force of the Township of Foster, County of McKean, State of Pennsylvania. Judith B. Kahle, Appellant.

Submitted on briefs November 16, 1987, to Judges MACPHAIL and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Walter Stenhach, Stenhach & Stenhach Law Offices,* for appellant.

*Richard W. Mutzabaugh, Mutzabaugh, Mutzabaugh, Saunders & Mattie,* for appellee.

OPINION BY JUDGE DOYLE, January 8, 1988:

This is an appeal by Judith B. Kahle (Appellant) from an order of the Court of Common Pleas of McKean County, which affirmed a decision of the Foster Township Supervisors to terminate Appellant's employment as a police officer with the Township of Foster.

The trial court took its own evidence and found that Appellant had been hired on January 9, 1984 as a part-time secretary-dispatcher for the police department. On August 21, 1984 she was told that she would be assigned the additional duties of serving as a backup police officer and, hence, would become a full-time employee. That same day she was administered an oath of office by Supervisor Frank Milks. Appellant, however, became concerned that Milks did not possess the requisite authority to administer the oath and, consequently, on September 5, 1984, as a result of her inquiry, Appellant was again sworn in, along with another officer (James Seeker), by a District Justice. On October 19, 1984 Appellant was informed that her position was being eliminated and that she would be terminated effective November 1, 1984. Seeker was retained. It is undisputed that the termination was taken as a cost effective measure pursuant to Section 3 of the Act of June

15, 1951, P.L. 586, *as amended*, 53 P.S. §813 (Police Tenure Act).

Appellant contends that Section 3 of the Police Tenure Act requires that termination of positions in circumstances such as this be accomplished according to seniority, and that she should have been retained over Seeker. We agree that seniority is the controlling factor in deciding terminations under Section 3 of the Police Tenure Act, and the question presented, of course, is when does Appellant's seniority begin? Appellant's theory on appeal is that the Township should be estopped from asserting that she was not a police officer as of August 21, 1984 and, alternatively, that she was a *de facto* police officer as of August 21, 1984. We shall deal with these arguments *seriatim.*[1]

The doctrine of estoppel is basically applicable where there has been an inducement by the party sought to be estopped to the party who asserts the estoppel to believe that certain facts exist and the party asserting the estoppel acts in reliance upon that belief. *Sabino v. Junio,* 441 Pa. 222, 272 A.2d 508 (1971). Here, the trial court found that Appellant did not believe that Supervisor Milks had the requisite authority to administer the oath. Thus, she arranged the second ceremony with the District Justice. Accordingly, Appellant's own actions belie her contention that she relied upon the Supervisor's action. Hence, estoppel will not lie.

Appellant's other contention is that she was a *de facto* police officer as of August 21, 1984, and, therefore, must be viewed as being senior to Seeker. Caselaw clearly establishes that one can hold a *de facto* position

---

[1] By prior order issued March 19, 1987, this Court ruled that another issue raised by Appellant was waived because it had not been preserved in the court below.

*as far as the public is concerned. See, e.g., Pleasant Hills Borough v. Jefferson Township,* 359 Pa. 509, 59 A.2d 697 (1948); *Commonwealth ex rel. McCreary v. Major,* 343 Pa. 355, 22 A.2d 686 (1941). Thus, if, for example, before being sworn in by the District Justice, Appellant had made an arrest, as to the public or the person arrested, she would have been a police officer. We do not believe, however, that the concept of a *de facto* position applies in this case. To the contrary, the law is clear that to establish legal rights under a law such as the Police Tenure Act, Appellant has to prove that she occupied the position *de jure,* not *de facto. Templeton Appeal,* 399 Pa. 10, 159 A.2d 725 (1960); *Manning v. Milbourne Borough Civil Service Commission,* 387 Pa. 176, 127 A.2d 599 (1956). Although the exact issue is not before us, we hold that Supervisor Milks did lack authority to administer the oath[2] and,

---

[2] We agree with the thorough analysis of the trial judge, President Judge CLELAND, who wrote:

Section 590 of the Second Class Township Code, Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §65590, which provides for the establishment of a police department and appointment of police officers, does not specifically require township police officers to take an oath of office. However, §501 of the code, 53 P.S. §65501, requires that '[e]very person elected or appointed to any township office' take an oath or affirmation 'before some person having authority to administer oaths.' Both Sections 501 and 590 of the Code are contained in Article V. — 'Township Officers,' with §501 under the subheading of 'General Provisions.' Section 1924 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1924 provides, 'The headings prefixed to titles, parts, articles, chapters, sections, and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof.' Because the legislature included policemen within the article governing township officers, we conclude that a township police officer is a 'person elected or appointed to [a] township

hence, that Appellant did not become a *de jure* officer until September 5, 1984. Therefore, Appellant's seniority was equal to that of Seeker. That being the case, the Township was free to choose which of the two employees it would terminate. *See Gorski v. Dickson City Borough School District,* 178 Pa. Superior Ct. 158, 113 A.2d 334 (1955); *Lazaran v. School District of Luzerne Township,* 3 Fayette L.J. 199 (1940). Here, we have no allegation that that choice was based upon any impermissible factor such as race or sex. Accordingly, we conclude that the Township properly terminated Appellant and that the common pleas court correctly affirmed that determination.

Affirmed.

### ORDER

Now, January 8, 1988, the order of the Court of Common Pleas of McKean County in the above-captioned matter is hereby affirmed.

---

office' within the meaning of §501, and is, therefore, required to take an oath of office.

This leaves the question of whether Supervisor Milks was a 'person having authority to administer oaths' under §501 of The Second Class Township Code. We construe this provision to refer to those people who are given general authorization to administer oaths under §327 of the Judicial Code, 42 Pa. C. S. §327. Township supervisors are not included within that section. Supervisor Milks, then, did not have legal authority to administer the oath of office. We conclude, therefore, that Ms. Kahle was required by §501 of The Second Class Township Code to take an oath of office before entering into her duties as a police officer, that she did not legally take an oath until September 5, 1984; and that tenure and seniority must, therefore, be established as of that date.