545 A.2d 480

Peter J. Kohl, Appellant *v.* Rice Township Board of Supervisors, Appellee.

510

Argued November 19, 1987, before Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Jonathan A. Spohrer,* with him, *Richard M. Goldberg, Hourigan, Kluger, Spohrer, Quinn & Myers, P.C.,* for appellant.

*Joseph B. Farrell,* for appellee.

OPINION BY JUDGE BARRY, August 11, 1988:

This is an appeal by Peter J. Kohl (Kohl) from an order of the Court of Common Pleas of Luzerne County which sustained the preliminary objections of the Rice Township Board of Supervisors (Township) and dismissed for lack of jurisdiction Kohl's complaint for reinstatement and backpay under the Police Tenure Act, Section 3 of the Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §813 (Act).

Kohl was a corporal in the Township police department from September 1979 to January 1, 1986. On the later date he received a letter from the Township notifying him that he was being furloughed.[1] On July 2, 1986, Kohl filed a complaint in mandamus seeking reinstatement and back pay. He alleged that the furlough was not made in accordance with Section 3 of the Act which provides that police furloughs must be made in a reverse hiring order, commencing with the last person hired. Kohl alleged in his complaint that he was not the last person hired and therefore should not have been furloughed.

The Township filed preliminary objections in the nature of a motion to strike. It argued that the trial court did not have jurisdiction since Kohl did not file an appeal from the furlough notice. The Township based this argument on the contention that the January 1, 1986 letter was an adjudication under the Local Agency Law, Section 1710.31 of the Administrative Agency Law, 2 Pa. C. S. §§551-555, 751-754. The trial court determined that Kohl's mandamus action was improper inferring that the January 1, 1986 letter was a proper adjudication. After determining that the mandamus action was improper, the trial court treated the complaint as an ap-

---

[1] It is important to note that the letter in question was never introduced into evidence.

peal under Section 708(c) of the Judicial Code, 42 Pa. C. S. §708(c) and dismissed Kohl's complaint as untimely under Section 5571 of the Judicial Code, 42 Pa. C. S. §5571. Kohl appeals this decision.

Kohl contends that the trial court's decision violated his due process rights and that the trial court's decision is an error of law. The central issue is whether the January 1, 1986 furlough letter is an appealable decision.

It is not contested that the January 1, 1986 letter was sent and received. However, in *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981), the Supreme Court stated that a letter of notice sent to a state policeman was not as an adjudication by the state police so that the time for filing an appeal commenced. In *Callahan,* a state police officer received full salary as long as he remained disabled under the Heart and Lung Act.[2] When it was determined that he was not longer temporarily disabled, a letter of notice was sent which indicated that he was no longer entitled to benefits.[3] After a request for a hearing was denied, Callahan appealed to this Court. We quashed the appeal as untimely filed. The Supreme Court reversed stating:

> . . . the letter . . . did not constitute a valid adjudication within the meaning of 71 P.S. §1710.31[4] because it failed to comply with the

[2] Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §637.

[3] Unlike the present case, Callahan immediately requested and was denied a hearing on the action taken.

[4] Section 71 P.S. §1710.31 has been repealed. Codification of the Section of the Administrative Agency Law is at 2 Pa. C. S. §504 which states:

> No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record should be kept of all the proceedings.

statutory requirements of notice of a hearing and an opportunity to be heard. The right of judicial review of an administrative decision occurs under Section 1710.41 only when there has been an adjudication as defined under the Administrative Agency Law. Having concluded that the letter did not meet the Act's requirement of an adjudication, it therefore follows that the letter did not provide a basis for an appeal under Section 1710.41.

Since the letter was not a valid adjudication, the . . . date has no legal significance. At best, it represented an expression of appellee's intention to act in a certain manner.

*Id.* at 465-66, 431 A.2d at 948. (Footnote omitted.) As we strive to interpret *Callahan* we believe that the notice letter informing Kohl of the furlough may or may not be an adjudication. For this letter to act as an adjudication it must have contained a proper notice of the action and it must have included information concerning Kohl's right to a hearing. Since it is uncertain whether the letter acts as an adjudication, the trial court erred as a matter of law by determining that Kohl's complaint in mandamus was not proper.

Mandamus has been recognized to be the proper action where (as here) the main issue is the propriety of a removal from a position which was heretofore properly held and to which reinstatement is being sought. *Rizzo v. Schmanek*, 63 Pa. Commonwealth Ct. 547, 439 A.2d 1296 (1981). Kohl's complaint in mandamus, absent a valid adjudication by the local agency, could be proper. It was an error of law for the trial court to consider this complaint, pursuant to Section 708(c) of the Judicial

---

2 Pa. C. S. §504. Although the current matter is controlled under Section 553 of the Local Agency Law which parrots the above cited section.

Code, as an appeal from a local agency. Without the admission of the notice letter into evidence, *Callahan* mandates that we rule that no appealable order was ever issued by the Township. Accordingly, we may not address the present appeal and must vacate the trial court's order and remand.

On remand, should the trial court determine that the Township's letter properly notified Kohl of his furlough and extended to him an opportunity to be heard then the notice letter can be considered an adjudication, and the trial court can dismiss the action in mandamus for want of jurisdiction.

ORDER

Now, August 11, 1988, the order of the Court of Common Pleas of Luzerne County dated October 21, 1986, at No. 2846-C of 1986, is vacated. This matter is remanded to the trial court to determine whether the January 1, 1986 letter discussed in the opinion constituted an adjudication. If it is found to be an adjudication the court may reinstate its present order. If not, however, the writ of mandamus may be issued.

Jurisdiction relinquished.

CONCURRING OPINION BY JUDGE DOYLE:

I concur in the result reached by the majority. I write separately only to express my views on how *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981), should be read. I do not read that case as saying that on the facts present there no adjudication existed. Rather, the court said that there was no *valid* adjudication because the letter to Callahan advising him of the loss of his benefits purported to deprive him of those benefits, which were a property right, without first giving him notice and an opportunity to be heard.

Here, inexplicably, Kohl's furlough letter was not made part of the record. For purposes of the preliminary objections, however, it is admitted that the letter advised Kohl of his furlough. The loss of Kohl's employment constituted the loss of a property right and, accordingly, the letter constituted an adjudication. *See* Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101; *Callahan*. But, the adjudication was not a *valid* adjudication unless it advised Kohl of his right to a hearing. We cannot tell from the pleadings whether it did so. Thus, the remand directed by the majority for a factual determination of what the letter said is proper.

As to the mandamus question, I believe two issues are present. To the extent that Kohl seeks reinstatement, mandamus is properly denied at this juncture since there are no relevant findings on whether Kohl was the last person hired. To the extent that Kohl seeks a mandamus to compel a hearing, the propriety of that equitable relief cannot be decided until it is determined whether he had a clear right to relief.[1] And, whether he had such a right depends upon whether he was advised of his right to a hearing and whether he exercised that right by requesting one before the Township Supervisors, *see Appeal of Kahle*, 112 Pa. Commonwealth Ct. 402, 535 A.2d 304 (1988), or waived that right. It is clear that before mandamus would lie, Kohl would have to be denied a hearing after requesting one. Contrarywise, if the letter advised Kohl of his right to a

---

[1] It is well settled that mandamus is an extraordinary remedy which lies to compel the performance of a ministerial act or mandatory duty only where there is a clear legal right in the plaintiff and a correspondingly clear legal duty in the defendant and a want of any other adequate remedy. *Carino v. Board of Commissioners of the County of Armstrong*, 79 Pa. Commonwealth Ct. 242, 468 A.2d 1201 (1983).

hearing and he failed to request one in a timely manner, he has lost his right to do so and mandamus would not lie.

Accordingly, because I agree that necessary findings are missing, I concur in the result to remand for such findings.