## Ophelia FETTER

v.

## JERSEY SHORE AREA SCHOOL DISTRICT, Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 8, 2003.
Decided Oct. 7, 2003.

Sean P. Roman, Williamsport, for appellant.

Elliot A. Strokoff, Harrisburg, for appellee.

Before: FRIEDMAN, Judge, and COHN, Judge, and MIRARCHI, JR., Senior Judge.

Opinion by Judge COHN.

The Jersey Shore Area School District (District) appeals the order of the Lycoming County Court of Common Pleas remanding the matter to the District so that it could conduct a hearing as to whether Ophelia Fetter abandoned her position as principal with the District on June 29, 2001. The District argues that a letter it sent to Fetter's attorney was its "adjudication" that Fetter had abandoned her position, and since Fetter did not appeal this "adjudication" within 30 days, no hearing is necessary. The trial court held that the letter was not an "adjudication" under Section 101 of the Local Agency Law, 2 Pa. C.S. § 101,[1] but was merely correspondence between attorneys and, therefore, that a hearing was necessary.

The relevant facts are as follows. Fetter was employed by the District as an elementary school principal. On December 5, 2000, she submitted a written request to the Superintendent of the District for a three-month leave of absence. She attached to her request a note from her

1. Section 101 defines "adjudication" in pertinent part as:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. . . .

physician, Dr. Alexander R. Nesbitt, M.D., which, according to the District, did not: identify her diagnosis, include a projection as to the duration of the medical condition, or include a demonstration of a causal relationship between the illness and her inability to perform the essential functions of her position, all of which must be submitted to the District before a medical leave request can be considered. This began the exchange of correspondence between the District and Fetter, or her attorney, regarding Fetter's requests for leave and the District's requests for the necessary medical information to approve the leave. Over the next several months, the District repeatedly advised Fetter that it did not have sufficient information to make a decision and, then, sent her a standard Department of Labor medical leave certification for her physicians to complete. Fetter did not submit a completed certification and, instead, sent more doctors' letters.[2] On March 1, 2001, Fetter submitted a request for sabbatical leave, retroactive to January 22, 2001, and she also advised the District that all correspondence should be sent to her counsel, John Williams. On June 20, 2001, Fetter requested an extension of her sabbatical leave.

Finally, on June 27, 2001, Attorney Williams sent a facsimile to Attorney J. David Smith, counsel for the District, inquiring into the status of the School Board's approval of Fetter's request and repeated that her medical leave request fell under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* Attorney Smith then prepared a response, dated June 29, 2001, and allegedly faxed it to Attorney Williams.[3] The District argues that it is this June 29th letter that constitutes the "adjudication." The letter responded to Attorney Williams's concerns and initially addresses Attorney Williams's inability to contact Attorney Smith because the latter was out-of-town or in court. Next, the letter repeats the Board's position that Fetter never appropriately requested medical leave or submitted appropriate medical documentation, that the Department of Labor certification was never returned, and that the FMLA leave had never been granted. The letter in question then states as follows:

> [Y]our client's failed request for FMLA leave, together with an equally invalid

2. The District first responded to her by letter dated December 12, 2000, stating that the request did not contain sufficient information to make a determination, that the school board had to approve the leave, it would not meet again until January 15, 2001, and the request would be treated as a request for leave under the Family Medical Leave Act. On December 22, 2000, Fetter forwarded another note from Dr. Nesbitt, which requested medical leave from January 3, 2001 until at least March 5, 2001, and included a diagnosis of "stress related problems." On January 4, 2001, the District sent a response to her attorney, John Williams, requesting more information. The District sent another letter to Attorney Williams on January 11, 2001, requesting a response to the previous letter, and on January 17, 2001, Fetter forwarded a note from Dr. Vijay–Kumar Rekhala, M.D., recommending that Fetter be placed on sick leave. On

January 22, 2001, the District sent another letter to Attorney Williams, indicating that it needed additional information by February 2, 2001 and, on February 7, the District sent yet another letter indicating that the note from Dr. Rekhala was insufficient. Along with the February 7 letter, the District also sent a standard Department of Labor medical leave certification for the physicians to complete. The certification form was never returned. Fetter sent another doctor's letter on February 8, 2001.

3. It does not appear to be contested that the letter of June 29, 2001 was not faxed to the office of Attorney Williams. Rather, it was faxed to some other fax number on July 2, 2001. Fetter never received a copy of this fax indicating that the District determined that she had abandoned her employment.

and unsubstantiated request for a medical sabbatical ... leads the school District ineluctably to conclude that Ms. Fetter has no legitimate medical condition and that she has thus abandoned her position with the District.

(June 29th letter, p. 2.)

It is this language that the District alleges constitutes the local agency determination. The letter then suggests that retirement options, which Fetter might be inclined to take advantage of, exist for professional educators. Finally, the letter concludes by stating that:

[i]f you wish to pursue serious discussions about a possible compromise, then I urge you to do so and do so immediately. Otherwise, you should take whatever "appropriate steps" you feel are necessary, as referenced in your letter.

(June 29th letter, p. 3.) Fetter recovered from her illness and notified the District on February 21, 2002 that she would be returning as of February 25, 2002. On February 22, 2002, the District notified Fetter by letter that the District considered Fetter to have abandoned her position as of June 29, 2001.

 Fetter then requested a hearing to determine whether, in fact, she had abandoned her employment with the District. When the District denied the request, Fetter filed a complaint with the trial court, which remanded the matter back to the District for a hearing. This appeal followed.[4],[5]

 On appeal, the District argues that its June 29th letter was an adjudication

and, since Fetter did not appeal that decision within 30 days, her appeal is untimely. The District also argues that (1) Fetter failed to comply with the requirements necessary for it to approve her medical leave request, (2) she never provided the necessary medical documentation or the certification as requested and, (3) she did not appear for work from December 5, 2000, and asserts that these actions were "tantamount to a voluntary termination of her employment with the School District." Fetter correctly argues that the only issue properly before this Court is whether the June 29th letter was a valid adjudication determining that Fetter had abandoned her position.

Section 553 of the Local Agency Law states that no adjudication shall be valid unless a party has been afforded a reasonable notice of hearing and an opportunity to be heard. 2 Pa.C.S. § 553. An agency's adjudication shall contain findings and reasons for the adjudication, and shall be served on all parties or their counsel personally or by mail. Section 555 of the Local Agency Law, 2 Pa. C.S. § 555.

In *Kohl v. Rice Township Board of Supervisors*, 118 Pa.Cmwlth. 509, 545 A.2d 480 (1988), we determined that a letter informing a township police officer of his furlough could be deemed an adjudication only if it contained proper notice of the township's action and included information concerning the officer's right to a hearing. Further, in *West Shore School District v. Bowman*, 48 Pa.Cmwlth. 104, 409 A.2d 474 (1979), we stated that a professional em-

---

4. We note that this is an appeal from an interlocutory order. However, it is appealable under Pa. R.A.P. 311(f) on the basis that, if the appeal is not granted now, the issue before us will evade review.

5. On review of a local agency determination, we are limited to determining whether consti-

tutional rights were violated, whether an error of law or violation of agency procedure was committed, or whether the necessary findings of fact are supported by substantial evidence. *J.S. v. Bethlehem Area School District*, 757 A.2d 412 (Pa.Cmwlth.2000), *affirmed*, 569 Pa. 638, 807 A.2d 847 (2002).

ployee must be given a written statement of the charges and a hearing. *See also Bruckner v. Lancaster County Area Vocational–Technical Joint School Operating Committee,* 78 Pa.Cmwlth. 314, 467 A.2d 432 (1983).

In the case *sub judice,* the trial court thoroughly examined the letter and announced its findings on the record. Essentially, the court found that the letter was not a valid adjudication that terminated Fetter's employment. The letter lacked a "clear statement that there was a determination and the facts and reasoning supporting that determination," it lacked notice that it was an adjudication, and that Fetter was entitled to a hearing. The trial court also concluded that the June 29th letter did not comply with the requirements of Sections 553 and 555[6] of the Local Agency Law requiring a written statement of the determination, the findings, and the reasons for those findings. While the trial court acknowledged that the letter does set forth arguments as to what facts supports the District's finding of abandonment, the specific language in question implied "that the [B]oard hasn't ... really considered that the requests were improper or that the medical condition ... does not exist." (N.T., p. 33.) Further, the trial court concluded that the letter does not contain a specific date as to when the abandonment occurred.

We agree with the trial court that the June 29th letter is not an adjudication. Rather, the letter was intended as a communication between counsel in the furtherance of settling the dispute, that is, it responded to a letter from Fetter's counsel and set forth the District's position. Further, the letter contains none of the requirements as set forth in the Local Agency Law and does not give notice or instruct Ms. Fetter as to her right to a hearing. Instead, the concluding paragraph of the letter opens the door for settlement negotiations, a clear indication that a decision in the matter has not been reached by the school board. We, thus, hold that the trial court did not err in remanding the matter for a hearing.[7]

Accordingly, based on the above discussion, we affirm the order of the trial court.

### ORDER

**NOW,** October 7, 2003, the order of the Court of Common Pleas of Lycoming County in the above-captioned matter is hereby affirmed.

---

6. The trial court actually refers to Section 557, which does not exist. However, because the trial court refers elsewhere to Section 555, regarding content and service of adjudication, we believe that the trial court meant to do so here.

7. The District also argues that Fetter did not timely appeal from the "adjudication" of June 29, 2001. However, because we have determined that the June 29th letter was not an adjudication under the Local Agency Law, we need not address this issue.